19 So.2d 326

## PARRISH v. STATE.

### 8 Div. 370.

Court of Appeals of Alabama.

June 13, 1944.

Rehearing Denied June 27, 1944.

F. S. Parnell, of Florence, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and L. H. Brassell, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The salient facts in this case (as stated in briefs) were as follows:

Appellant, Jessie Parrish, was indicted by the Grand Jury of Lauderdale County for the offense of manufacturing alcoholic, spirituous or malt liquors and also for having in his possession a still, apparatus, appliance, or device, or substitute therefor, to be used for the purpose of manufacturing alcoholic, spirituous or malt liquors, a part of which were alcohol, at the September, 1942, term of the Circuit Court of said county. The indictment was not in any way challenged by the defendant.

E. J. Fulmer, sheriff, and his deputies, in the month of April 1942, located a still south of the Gunwaleford Road in Lauderdale County about one-fourth of a mile from where appellant lived. The still was located on a little rounded mound beside a thicket of pines. The land on which the still was located was pasture land. The sheriff and his party went down a road near where the still was; they separated and surrounded the thicket and went into it. When they got into the thicket they found a still which was in operation, fired up, with whiskey running from the worm, and wood piled up near the still. There was fresh wood under the still and between six or seven gallons of whiskey had been run off and it was there near the still. When Mr. Romine reached the still, the appellant was lying on the ground and raised up and sat on the ground and said: "I guess it is mine;" and the witness replied, "It looks like it." There was no one present at the still other than the defendant, and it was a complete still and whiskey was running out; it was near the bank of the river.

Appellant testified in his own behalf and stated that on the day in which the officers raided the still that he was plowing in a field about 10:30 that morning, that he noticed smoke coming up in a patch of bushes and went over to where it was, that when he got there, there was no one at the still, that he drank beer and whiskey at the still and became intoxicated and lay down and went to sleep, that he did not own the

still and had not been operating the still, and had no knowledge of who the still belonged to, and that the still was not on any land belonging to him or under his control, that it was about ten or ten thirty in the morning when he went to the still, that he became intoxicated and did not remember when the officers arrested him; also that he had no knowledge of making a statement to Floyd Mitchell that he guessed the still was his.

Upon the foregoing facts in evidence the court properly and without error submitted the case to the jury for consideration and determination. The evidence we think was ample to support the verdict of the jury, and to sustain the judgment of conviction pronounced and entered.

The defendant was not entitled to a directed verdict; and, therefore, the general affirmative charge requested was properly refused.

The question of fact being the controlling issue and determinative of the case, there appears no necessity to discuss the points of decision presented to effect a reversal of the judgment of conviction. We have, however, examined each of these insistences and find them wholly without merit.

The record is regular also. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.